```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
PORSCHA BRAUN, on behalf of herself and                     :
others similarly situated in the proposed                   :   MEMORANDUM DECISION AND
FLSA Collective Action,                                     :   ORDER
                                                            :
                              Plaintiff,                    :   23-cv-3837 (BMC)
                                                            :
              - against -                                   :
                                                            :
HEIGHTS REALTY ADVISORS LLC and                             :
JOANA NEWBOLD,                                              :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This Fair Labor Standards Act and breach of contract case is before the Court on plaintiff's motion for a default judgment. Defendants have failed to timely appear, and the Clerk of Court has noted their default under Fed. R. Civ. P. 55(a).

The complaint and plaintiff's affidavit in support of the motion allege that plaintiff was a filing clerk at defendants' real estate management and investment firm from approximately January 2023 through April 2023. She alleges that pursuant to a "letter of employment" signed by defendant Newbold, she worked 8 hours per day, five days per week, for a promised salary of $100 per day or $500 per week. They did not pay her anything for her work. She seeks compensatory and liquidated damages for failure to pay minimum wage under the FLSA and New York Labor Law, plus reasonable attorneys' fees and costs under both the federal and state statutes.[1]

---

[1] Plaintiff has withdrawn her claims for failure to provide wage notices and wage statements under New York law.

The complaint further alleges that the restaurant has employees engaged in commerce with gross annual sales of $500,000 or more. It alleges that the individual defendant was an owner, officer, agent, or operator of the restaurant, and that she set the wages of employees including plaintiff; established work schedules; maintained employee records; and had authority to hire and fire employees.

In addition, plaintiff has asserted a separate breach of contract claim. It is not well explained, but it appears that at some point in time, defendants purchased a building in which plaintiff resided. As part of their plan for the building, they agreed to pay plaintiff $10,000 to move out of her apartment. But they only paid her $3600.

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability as to the minimum wage claims under the FLSA and NYLL.

However, this Court lacks subject matter jurisdiction over plaintiff's breach of contract claim. The Judicial Code provides that "the district courts shall have supplemental jurisdiction over all other [*i.e.*, non-original jurisdiction] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States of the Constitution." 28 U.S.C. § 1367(a). Nothing in the complaint or in plaintiff's affidavit suggests any connection between her breach of contract claim and her minimum wage claim; they therefore do not arise out of the same transaction or occurrence. Accordingly, her breach of contract claim is dismissed without prejudice to recommencement in state court.

As to damages on the minimum wage claim, a defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the Court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here. Plaintiff's affidavit and the spreadsheet submitted by her attorney constitute adequate proof of damages. There is no point in having her appear in court to repeat the allegations set forth in her affidavit. At $15 per hour minimum wage for which nothing was paid for 17 weeks, plaintiff would be entitled to $10,200, plus the same amount of liquidated damages. However, that assumes a start date of January 1, and there is nothing in the record to prove 17 weeks – plaintiff says she started "approximately" in January. I will therefore use 15 weeks as the period of employment, which reduces her damages to $9000, plus the same amount for liquidated damages. Plaintiff has also requested interest on the minimum wage claim under the New York Labor Law, but I decline to award interest, as the liquidated damages are sufficient to accommodate both the purposes of deterrence and compensation. See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012).

Plaintiff has also requested $11,561.40 in attorneys' fees. The attorneys' fees are based on a rate of $500 per hour for the firm's senior partner and $350 per hour for a senior associate. Those are at the high end of hourly rates allowed in FLSA cases in this district but considering

recent inflationary pressures on the practice of law, they are allowed. The amount of time put in is 34.1 hours. However, the time entries do not break down the amounts spent on the minimum wage claims versus the breach of contract claim, so I will reduce the attorneys' fees claimed by 10%.

Claimed disbursements of $402 for the filing fee, and $246.40 for process servers' fees are reasonable and shall be allowed.

To ensure that this action has been for the primary benefit of plaintiff, any collection on this judgment shall be first applied to amounts due to plaintiff as compensation and liquidated damages and only when that portion of the judgment is fully satisfied shall further recoveries be applied to the attorneys' fees and expenses. When and if the plaintiff's compensation and liquidated damages pursuant to the judgment have been satisfied, plaintiff's counsel shall so advise the Court.

Accordingly, the motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff, and against defendants jointly and severally, in the amount of $9000 in compensatory damages, $9000 in liquidated damages, $10,377 in attorneys' fees, and $648 in disbursements, for a total of $29,025.00, and dismissing the breach of contract claim without prejudice.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
        February 15, 2024

4